## BROWN et al. v. OREGON KING MIN. CO.

(Circuit Court, D. Oregon. August 9, 1901.)

### No. 2,655.

1. **MINES—LOCATION—INSTRUCTIONS.**

Plaintiff having discovered a mine, and attempted a location which was invalid, and defendant having made a location thereof before plaintiff's second location, and there being no contention that defendant had failed to comply with the law, unless his location was invalid, an instruction, in action for the mine, that, plaintiff's first location being invalid, if defendant's location was valid, "I am of the opinion that defendant ought to recover in this case. But I do not so instruct you. I leave the matter open for your own determination,"—is erroneous, as allowing the jury to give a verdict contrary to the law, doing equity according to their own feelings.

2. **SAME—NOTICES.**

Where the location of a mine by plaintiff was invalid, admission of his location notices to show discovery is prejudicial to defendant, who made a subsequent valid location, defendant not being a trespasser or jumper.

Dolph, Mallory, Simon & Gearin, Albert Abraham, and H. H. Riddell, for plaintiffs.

Moody & Long and W. H. Wilson, for defendant.

BELLINGER, District Judge. There are two vital questions in the case: Did the location under which defendant claims mark the claim on the ground so that its boundaries could be readily traced; and, if not, was a copy of Brown's location, made in 1899, filed with the county recorder as required by the Oregon law of 1898? All the other material facts in the case are either admitted, undisputed, or conclusively established. Brown, in 1897, was the first discoverer of the mine. His attempted location in that year was insufficient and invalid. His subsequent location in 1899 was sufficient to vest in him the title which he claims, if he has complied with the law as to filing a copy of his location, unless the location made in 1898, under which the defendant claims, was valid, in which event the defendant has the prior right. Except as to the two questions mentioned, it is undisputed that both parties have complied with the law under which titles to property of this character vest. Such being the case, the court, of its own motion, instructed the jury as follows: "Brown's location in 1897 not being valid, if the defendant's location, or the location of Wilson, under whom the defendant claims, which was made in 1898, was a valid location, then I am of the opinion that the defendant ought to recover in this case. But I do not so in-

struct you. I leave the matter open for your own determination." This instruction is indefensible. The right of the defendant depends entirely upon its location. It is suggested that, notwithstanding a valid location by those under whom defendant claims title, there might still be an adverse finding for failure to comply with the law in other respects,—such as the work required to be done, etc. But, if there are such questions, they are merely formal. They were not matters of controversy on the hearing, and the jury could not have understood the instruction to refer to them. The instruction that the jury might find for plaintiffs although satisfied that defendant's location was a valid one, was especially injurious under the circumstances of the case. Brown's discovery and attempted location in 1897 raised most persuasive equities in his favor. The instruction relieved the jury from the requirements which the law attached to the fact of a prior valid location by defendant's grantor, if such there was, and opened the door to them to do equity agreeably to their own feelings, so far as that question was concerned. The motion for a new trial must be allowed because of this instruction, unless the court can say, as a matter of law, that defendant's location is not a valid one; and this is not claimed by the plaintiffs, who strongly argue that it is a question for the jury; and, if so, it is, as we have seen, a question for the jury to some purpose in the case. But, without this instruction, I should feel compelled to allow this motion, because of error in admitting in evidence the location notice testified to by the witness Wilson,—that being the second location notice offered in evidence by plaintiffs. The ground upon which this notice was admitted was that it tended to prove discovery. If such a notice is admissible for this purpose, the second notice could add nothing to the effect of the first notice, admitted in evidence for that purpose. The multiplication of location notices adds nothing to the legal effect of one such notice. If one notice tends to prove discovery, two notices do not strengthen the proof. Wilson was the locator under whom defendant claims. The value of the second notice to the plaintiffs was not that it contributed anything to their proof of discovery, but that it proved knowledge by Wilson of the prior attempted location, and tended to show that Wilson was a jumper. If Brown had failed to comply with the law, and the property was at the time subject to location, it was wholly immaterial whether Wilson knew of Brown's prior claim. He might lawfully locate a claim himself. And it is in fact, as we have already seen, not disputed that Brown's location of 1897 was invalid, and that the claim was open to location at the time in question by Wilson or others. Wilson was not a trespasser or jumper. He was not seeking to acquire the claim in violation of Brown's right, since it is conceded that Brown at the time had no right. But this testimony gave to Wilson's act that appearance, and may have influenced the verdict. And this appears to have been the object of plaintiffs in the introduction of this testimony, as is inferred from the statement of their counsel referring to this point, on the argument of this motion, to the effect that Wilson was a jumper, and the plaintiffs might properly show that fact. It is argued in support of this motion that the court erred in its instruction

as. to the validity of Brown's filing with the county recorder. The law requires a copy of the notice to be filed. Whether the paper that was filed was a copy, or was a different and altogether independent paper relating to the same subject, is a serious question in the case. I assumed, in the instruction given, that it was a "copy" within the statute, because it performed the office of giving the notice which the statute intended to provide. The conclusion reached as to the points hereinbefore discussed renders consideration of this question and of the other questions urged in support of the motion unnecessary. The motion for a new trial is allowed.